**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4143**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PAUL ALLEN HILL,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (2:06-cr-00078)

Submitted:  October 31, 2007        Decided:  November 16, 2007

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Krysia Carmel Nelson, NELSON & TUCKER, PLC, Charlottesville,
Virginia, for Appellant.  Monica Kaminski Schwartz, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Allen Hill appeals the seventy-month sentence imposed following his guilty plea to one count of knowingly maintaining a residence for the purpose of distributing cocaine, in violation of 21 U.S.C. § 856(a)(1) (2000). Hill's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious grounds for appeal, but questioning two issues relevant to the district court's calculation of Hill's sentence under the advisory Sentencing Guidelines. The Government did not file a brief, and although advised of his right to do so, Hill did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Hill was arrested following an investigation by officers with the Charleston, West Virginia, Police Department into the suspected narcotics trafficking of Jesse Smith. Hill provided Smith a key to his apartment in December 2005, and the police believed Smith was storing drugs there. Although Hill knew Smith was using his apartment to sell drugs, he did not prohibit Smith from continuing to so use it. In exchange, Smith provided Hill cocaine.

Upon executing a search warrant for the apartment, the police discovered cocaine and tools of narcotics packaging and distribution. Hill, who was in the apartment when the warrant was

executed, was arrested, handcuffed, and read his Miranda[1] rights. Hill gave a statement to Detective Tim Palmer in which Hill reported that Smith brought between five and six ounces of cocaine to the apartment two or three times per month. Thus, even using the most conservative figures, Hill estimated Smith brought approximately fifty ounces of cocaine into the apartment during the five months he used it. Hill also admitted that, on two separate occasions, he assisted in packaging approximately one ounce of cocaine for resale.

Although Hill initially pled not guilty, he later entered into a written plea agreement with the Government. The district court conducted a thorough plea colloquy that fully comported with Fed. R. Crim. P. 11. Finding there was a sufficient factual basis to support the guilty plea and that Hill had entered the plea knowingly and voluntarily, the district court accepted the plea.

In the presentence report ("PSR"), the probation officer relied upon Hill's statement to Palmer regarding the estimated quantity of cocaine Smith brought through the apartment to support the recommendation that fifty ounces of cocaine be attributed to Hill. Using this quantity — which converts to 1.42 kilograms of cocaine — Hill's base offense level was twenty-six. U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(7), 2D1.1 cmt. n.10, 2D1.8(a)(1) (2005) ("USSG"). However, during the course of his

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

presentence interview, Hill retreated from his earlier statement regarding drug quantity; in light of this retraction, the probation officer did not recommend an adjustment for acceptance of responsibility. Coupling Hill's total adjusted offense level of twenty-six with a criminal history category II yielded an advisory Guidelines range of seventy to eighty-seven months' imprisonment. USSG ch. 5, pt. A, sentencing table (2005).

The district court rejected all three of Hill's objections to the PSR and sentenced Hill to seventy-months' imprisonment. This appeal followed.

In her Anders brief, counsel presents two issues for consideration: (1) the propriety of the use of Hill's statement to Palmer in determining the drug quantity attributable to Hill; and (2) the district court's denial of an adjustment for acceptance of responsibility. We have reviewed the record and found no reversible error. Thus, for the reasons outlined below, we affirm.

I.   Reasonableness of Hill's Sentence

In reviewing a post-Booker sentence for reasonableness, this court considers whether the district court adhered to the multi-step process set forth in this court's post-Booker decisions. First, the district court must properly calculate the defendant's advisory Guidelines range. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The

court must then "determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." United States v. Green, 436 F.3d 449, 455 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). The court should first consider whether a traditional Guidelines departure is appropriate. Moreland, 437 F.3d at 432. If the § 3553(a) factors are not satisfied by the departure sentence, the sentencing court may then consider whether to impose a variance sentence. Id. This court affords sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, a presumption permitted by the Supreme Court. Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2459, 2462 (2007); Green, 436 F.3d at 457 (internal quotation marks and citation omitted).

As the first step in reviewing a post-Booker sentence is to assess whether the district court properly calculated the defendant's advisory Guidelines range, Moreland, 437 F.3d at 432, we first address the two issues raised by counsel as they are both relevant to this assessment.

A. Relevant Conduct Determination

Hill first questions whether the Government satisfied its burden of proof regarding the drug quantity found attributable to Hill. The district court properly relied upon Hill's statement to

Palmer to determine this issue, and no further proof was required. In addition to the statement being constitutionally sound,[2] the statement was also admissible under the Federal Rules of Evidence. "[T]here is no bar to the use of hearsay in sentencing," United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998), and this type of statement against interest of the uttering party-opponent is considered non-hearsay under Fed. R. Evid. 801(d)(2)(A). Hill's statement regarding quantity, as testified to by Palmer, was more than sufficient to satisfy the Government's burden.

B.    Denial of Acceptance of Responsibility Adjustment

Hill next questions whether the district court properly denied him an adjustment for acceptance of responsibility. We agree with counsel that this claim is "without merit."

Under USSG § 3E1.1 (2005), a defendant may receive a two or three-level reduction in his offense level if he clearly demonstrates he has accepted responsibility for his offense. In order to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks and citation omitted). "[A]n adjustment

---

[2]Hill gave his statement to Palmer after being read his Miranda rights and there is nothing in the record to indicate any deficiency therein.

for acceptance of responsibility does not flow automatically from a guilty plea." Id.

In deciding whether an acceptance of responsibility adjustment is warranted, the sentencing court should consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." USSG § 3E1.1 cmt. n.1(a) (2005). The false denial of relevant conduct justifies a denial of acceptance of responsibility. United States v. Falesbork, 5 F.3d 715, 721-22 (4th Cir. 1993). This court reviews a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error. May, 359 F.3d at 688.

The district court properly concluded Hill was not entitled to an reduction in his base offense level for acceptance of responsibility. Although it appears Hill was initially honest in his statement to Palmer, his later attempts to downplay the extent of Smith's drug trafficking reflect a frivolous and unfounded denial of relevant conduct which supports the denial of the acceptance of responsibility reduction.[3] USSG § 3E1.1 cmt.

_____

[3]It is beyond dispute that Smith's drug trafficking was properly considered relevant conduct germane to Hill's sentencing. See USSG § 1B1.3(a)(1) (2005).

n.1(a).  There was no error, let alone clear error, in the district court's adjudication of this issue.

In accordance with <u>Anders</u>, we have reviewed the entirety of the record and found no meritorious issues.  Accordingly, we affirm the district court's judgment.  In addition to denying counsel's motion to withdraw from representation, we require that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hill.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>